UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                       v.                       **Hon. Hugh B. Scott**

                                          11MJ2081(HBS)

JOHN G. LIEBLER,                                  **Order**

                Defendant.

      Before the Court is defendant's motion to release him from pretrial supervision (Docket No. 6). On June 28, 2011, a criminal complaint was filed against defendant. During the initial appearance, this Court imposed conditions of release (text minute entry, June 29, 2011; Docket No. 3, Order of July 5, 2011, setting conditions). On July 25, 2011, defendant executed a waiver of preliminary hearing and was continued on release conditions (Docket No. 5; text minute entry, July 25, 2011). On September 29, 2011, defendant made the present motion for relief from the conditions of release (Docket No. 6).

      Under Federal Rule of Criminal Procedure 5.1, this Court must conduct a preliminary hearing unless a defendant waives the hearing, Fed. R. Cr. P. 5.1(a)(1). Under the Speedy Trial Act, 18 U.S.C. § 3161(b), an Information or Indictment "shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection" with the charges. If no pleading is filed within that period, "such complaint shall be dismissed or otherwise dropped," with or without prejudice, 18 U.S.C. § 3162(a)(1).

      "The complaint is a written statement of the essential facts constituting the offense charged," Fed. R. Cr. P. 3. "If the complaint or one or more affidavits filed with the complaint

establish probable cause to believe that an offense has been committed and that the defendant committed it, the judge must issue an arrest warrant to an officer authorized to execute it," Fed. R. Cr. P. 4(a), while at the request of the Government the Court may issue a summons instead, id. A criminal complaint thus is an application for an arrest warrant, see Gaither v. United States, 413 F.2d 1061, 1076 & n.45 (D.C. Cir. 1969) (quoting 8 J.W. Moore, Federal Practice ¶ 3.02 (Cipes ed. 1968)); 24 Moore's Federal Practice–Criminal § 603.02[1] (2011), to obtain personal jurisdiction over a suspect, Fed. R. Cr. P. 3, 4(a). The criminal complaint is not a felony pleading and is not a prerequisite to the filing of an Indictment or Information, 24 Moore's Federal Practice–Criminal, supra, § 603.02[1]; cf. Fed. R. Cr. P. 12(a). When the defendant appears on that complaint (and possibly an arrest warrant) at an initial appearance, in addition to stating the charges alleged, the Court detains or releases the defendant on conditions, Fed. R. Cr. P. 5(d)(3), (4); see 18 U.S.C. § 3142(a). If released upon conditions, see 18 U.S.C. § 3142(c), the defendant would be in the custody of pretrial services, see id. § 3154(3), as a detained defendant would be in the custody of the United States Attorney General for confinement, id. § 3142(i)(2).

The effect of waiver of a preliminary hearing is that, if that defendant is not charged either by an Indictment or Information within thirty days, the complaint that started this criminal proceeding ceases to exist, and the Court lacks jurisdiction over the defendant, including jurisdiction to detain a defendant or condition his release. Since there is no charge, there is no basis to restrain a defendant's liberty.

Defendant's motion here presumes that a case still exists against him or that it was terminated under Rule 48(b) (Docket No. 6, Def. Atty. Aff. ¶ 7), where the Court dismisses the complaint if unnecessary delay occurs in presenting a charge to the grand jury, id. There was no

Rule 48(b) dismissal here. Rather, the effect of the waiver of preliminary hearing and the Government choosing not to pursue an Indictment or Information against defendant is that the criminal complaint terminate thirty days after July 25, 2011 (specifically on August 25, 2011). As of August 25, 2011, this Court lacked jurisdiction over defendant to restrict his liberty.

Thus, for reasons different than those argued by defendant, his motion to be released from conditions (Docket No. 6) is **granted**. The demise of the criminal complaint without there being filed an Information or Indictment results in the conditions of release (or Order of detention) becoming void as of the thirty-day period for seeking a criminal pleading.

A copy of this Order will be sent to Pretrial Services.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
           October 6, 2011